LOTTINGER, Judge.
Petitioners seek an injunction to protect their servitudes of passage and drainage pertaining to two tracts of land situated in the Parish of Assumption, Louisiana. Judgment below was in favor of petitioners and a preliminary injunction was granted them. Defendant has taken this appeal. •
Petitioners are the owners of two tracts of land situated in Assumption Parish, Louisiana, which, for purposes of brevity will hereafter be referred to as “Tract No. 1” and “Tract No. 2”. Their chain of title traces the said tracts back to the time when they were comprised in a larger tract known as the Cypress Grove Plantation. During the year 1895, the said Plantation was partitioned into seven smaller tracts among which are Tract No. 1, Tract No. 2, and, in addition, a third tract which we will call Tract No. 3, which is now owned by defendants. The partition agreement contains the following declaration, viz.:
“It is distinctly understood, agreed and stipulated that each of the parties hereto shall have the right of using all the ditches and roads- on said plantation for the benefit of their respective portions of said plantation herein taken by each of them, in the same manner and to the same extent as if no partition of said plantation had taken place.”
The petitioners claim that the above-quoted stipulation created real servitudes of passage and drainage -in favor of Tracts 1, 2 and 3 and that these servitudes pertained to all roads'-and ditches in existence at the time of the execution of the partition agreement. The principal road to which the servitude of passage applied is alleged to be one which crosses all three tracts. The servitudes of drainage are alleged to apply to a large canal situated on Tract No. 3 and also to all cross ditches leading into same. Tract No. 3 is situated between Tract No. 1 and Tract No. 2, therefore, the *549 said road must be used by petitioners to get from Tract No. 1 to Tract No. 2 and vice versa. Drainage from Tract .No. 1 and Tract No. 2 is via ditches across Tract No. 3 to the drainage canal which runs lengthwise of Tract No. 3.
Petitioners allege that since there acquisition of Tracts 1 and 2 they have had the actual, real and peaceful possession, ownership and enjoyment of the land and the servitudes applying thereto and that said possession has been continuous until it was disturbed by the defendants. The disturbances complained of are averred to be that the defendants both orally and in writing warned petitioners’ tenant, Thomas Berger-on, that they would not allow him to use the road where it traverses Tract No. 3 and, in addition, that they dammed certain cross ditches on Tract No. 3 leading into the main drainage canal thus preventing the proper drainage of Tracts 1 and 2. Petitioners allege that the use of the road and ditches is essential to their farming operations, and that denial of the use thereof will cause irreparable injury. A temporary restraining order and a rule to show why a preliminary injunction should not issue to prohibit the acts complained of were prayed for. and granted by the district judge.
Subsequent to the filing of the petition, the rule nisi was extended several times on motion of counsel for plaintiff and on one occasion on motion of counsel for defendant. Later, the defendants filed a motion to dissolve the restraining order on the ground that the matters complained of' no longer existed and also that the servitudes had prescribed. The rule nisi was' finally made returnable on November 23, 1951, but as the legal delays had not been allowed, an exception to the citation was filed by defendant. The court maintained the exception and, by agreement of counsel, extended the return date until November 27, 1951. Subsequently, the defendants filed an exception of non-joinder of necessary parties and an answer in the nature of a general denial.
Nothing was done for several months thereafter until September, 1952, when the petitioners filed a supplemental and amended petition alleging new disturbances caused by defendants. Said disturbances consisted of the removal of a bridge located on the road where it crosses the main drainage canal on Tract No. 3 and the refusal, to allow petitioners to construct a new one at their own expense. Also it was alleged that the cross ditches had again been dammed. A temporary restraining order and a rule nisi were granted and the matter was set for trial. Upon trial, defendant filed, a plea of ten year prescription. The exceptions were referred to the merits. The lower court granted judgment for petitioners and issued a preliminary injunction. The defendants have appealed.
The only exceptions which defendants have argued, either orally or by written brief, before us are the exceptions of non-joinder and of ten year prescription. We will take them up in the order given.
As to the exception of non-joinder, defendant claims that, when partitioned, the Cypress Grove Plantation was divided into seven parts, and that, since all the present owners of the original plantation will be affected by any ruling of the court, they are proper and necessary parties to the action and should be before the court. In support of his exception, he claims that petitioners have no right of protecting .their interests unless all owners of property formerly comprising the Cypress Grove Plantation be called in to protect their individual rights. Such a contention is absolutely without merit. The declaration in the instrument of partition gave to the owner of each of the tracts partitioned a right of drainage and a right of passage. The owner of each of the seven tracts was given the right of using all the ditches and roads on the plantation for the benefit of their respective portions. The right granted each owner was his own, and certainly was not dependent or conditioned upon the continued use by all seven of the. property owners. Article 656 of the LSA-Civil Code recites, in part, as follows:
“From thence it follows that a. servitude existing in favor of a piece of land, is due to the whole of it, and to all the parts of it, so that if the land *550 be sold in parts, every purchaser of a part has the right of using the servitude m toto.
We see no reason whatsoever for joining the adjoining property owners in this suit. The owners of the seven tracts of land were each given the right of passage and of drainage over the whole of the Cypress Grove' Plantation. As petitioners own two of the said tracts, they have the right of passage and of drainage for the benefit of their tracts. We believe their right to be independent of the rights of the adjoining property holders and, therefore, hold that the exception of non-joinder was without merit.
’ As to the question of the plea of ten year prescription is was conclusively shown that same would not apply. The servitudes created by the act of partition were real servitudes. Such is made clear by Article 646 of the LSA-Civil Code which defines a real servitude as follows:
“Real servitudes, which are also called predial or landed servitudes, are •.those which the owner of an estate enjoys on a neighboring estate for the benefit of his own estate.”
In addition to being classed as real servi-tudes, we are here confronted with both a continuous and discontinuous servitude. Such are defined in Article 727 of the LSA-Civil Code as follows:
' “Servitudes are either continuous or ■discontinuous.
“Continuous servitudes are those whose use is or may be continual with- ’ out the act of man.
“Such are aqueducts, drain, view and the like.
“Discontinuous servitudes are such as need the act of man to be exercised.
“Such are the rights of passage, of drawing water, pasture and the like.”
•The codal articles relative to the prescription of continuous and discontinuous servitudes are as follows:
Article 789 of LSA-Civil Code—
“A right- to servitude is extinguished by the non-usage of the same during ten years.” -'
Article 790 of LSA-Civil Code — ■
“The time of prescription for non-usage begins for discontinuous servi-tudes, from the day they cease to be used; for continuous servitudes, from the day any act contrary to the servitude has been committed.”
The defendants themselves have admitted, on trial, that there has been no abandonment or non-usage of either the servitude of passage or of drainage, particularly as regards the ditches and roads which form the basis of this suit. Although the prescription might have rtin out as regards the servitudes created for the benefit of other tracts which formed a part of the Cypress Grove Plantation, such certainly was not the case as regards Tracts No. 1, 2 and 3.
The owners of Tracts 1, 2 and 3 each had a right of passage and a right of drainage over the other tracts. It was shown, and was admitted by defendants, that the servitudes on behalf of Tracts 1 and 2 over Tract. 3 was maintained by usage- thereof. The lower court was therefore correct in refusing the plea of prescription as relates to these estates.
The only serious disputes before us is as regards the above exceptions. The merits of the case presents no seriously disputed issues of fact and the evidence shows that the petitioners have clearly proven their case. Almost all of the factual questions necessary to prove the case were testified to by one of the defendants, Edrick Kern. This defendant admitted that the ro.ad, where it crosses Tract No. 3, had never been abandoned and that he had first started to build a fence across said road in the year 1952. He stated that this was the first fence he had ever known across the road, and that the said fence had never been completed. Mr. Kern admitted that defendants, or their agents, had pulled up the bridge over the main canal and had dammed some of the cross ditches leading from Tracts 1 and 2 to the main drainage canal. Mr. Kern further admitted that signs had been placed by defendants alongside the, road over Tract 3 prohibiting the use of said road by the public, including petitioners and their *551 agents. There is no question, therefore, that petitioners have proved the merits of their case, and we find no error in the judgment of the lower court in its findings in favor of petitioners.
For the reasons hereinabove assigned, the judgment of the lower court is affirmed, all costs of this appeal to be paid by defendants.
Judgment affirmed.